**Nit SHIWLOCHAN, Petitioner–Appellee,**

v.

**Leonard A. PORTUONDO, Superintendent, Shawangunk Correctional Facility, Respondent–Appellant.**

**Docket No. 04–6393–PR.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2005.

Norman L. Reimer, Gould Reimer Walsh Goffin Cohn, LLP, New York, N.Y. (Susan J. Walsh, William Binder), for Petitioner–Appellee, of counsel.

Ushir Pandit, Assistant District Attorney, Queens County, Kew Gardens, N.Y. (Richard A. Brown, District Attorney, on the brief, John M. Castellano, Assistant District Attorney), for Respondent–Appellant, of counsel.

Present: SOTOMAYOR, WESLEY, Circuit Judges. and BRIEANT, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York (Trager, J.) is **AFFIRMED.**

Respondent-appellant Leonard A. Portuondo, Superintendent of the Shawangunk Correctional Facility, appeals from a judgment of the district court granting a petition for a writ of habeas corpus to the limited extent of reducing petitioner-appellee Nit Shiwlochan's sentence to fifteen years to life. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

 Contrary to the respondent's argument, we owe no deference to the holding of the New York State Supreme Court, Queens County, that trial counsel provided his client with effective assistance of counsel. The state court made a factual finding that trial counsel's affidavit implied that he conveyed to his client the trial judge's plea offer and advice as to possible sentences. Trial counsel's affidavit, however, clearly states that "[t]he only thing [he] told Mr. Shiwlochan was that there was no offer in the case." Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), no deference is due when a claim was adjudicated on the merits in state court and "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Given that the state court's finding that trial counsel conveyed the plea offer to his client flatly contradicts the affidavits of both trial counsel and the petitioner—and relies solely on a misinterpretation of one sentence in trial counsel's affidavit—this finding is entitled to no deference under AEDPA.

The respondent further argues that the district court erred in accepting the Magistrate Judge's finding that there existed in this case "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] We have held that the question of whether a defendant would have accepted a plea offer had he been fully informed of its terms requires an "essentially factual determination." *Cullen v. United States,* 194 F.3d 401, 405 (2d Cir.1999). As such, we review the Magistrate Judge's finding that there was no prejudice under the highly deferential "clearly erroneous standard." *United States v. Gordon,* 156 F.3d 376, 379 (2d Cir.1998). We cannot say that the Magistrate Judge's finding regarding prejudice constituted clear error.

For the reasons discussed above, the judgment of the district court is hereby AFFIRMED.

---

\* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

1. The Magistrate Judge made findings after a full evidentiary hearing. Although the respondent opposed this hearing before the district court, he has not on appeal challenged the propriety of the Magistrate Judge's decision to hold an evidentiary hearing. Here, he challenges only the Magistrate Judge's findings themselves.